UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEOFFREY HUBER, et al.,

      Plaintiffs,

v.                                      Case No. 8:10-cv-2458-T-24 EAJ

GMAC, LLC, n/k/a Ally
Financial, Inc.,

      Defendant.
_____/

## **ORDER**

This cause comes before the Court on its own. Upon review of the complaint, motion to dismiss, response brief, and reply brief, the Court is having some difficulty determining the facts in this case, as some of the allegations in the complaint are contradicted by Plaintiffs' attachments to the complaint.

The named plaintiffs in this class action complaint are homeowners that are currently defendants in foreclosure proceedings in state court. Plaintiffs allege that Defendant GMAC, LLC[1] engaged in a fraudulent scheme to artificially accelerate the foreclosure process by: (1) submitting affidavits containing false statements in support of the foreclosure complaints, (2) untimely assigning mortgages, and (3) submitting documents purporting to be notarized, despite the fact that GMAC, LLC knew that the documents were signed outside the presence of the notaries. However, there are some glaring discrepancies in this case, which require clarification, as set forth below.

Plaintiffs allege in the complaint that Plaintiff Geoffrey Huber purchased property in

---

[1] Plaintiffs filed suit against GMAC, LLC, which is now known as Ally Financial, Inc.

Hernando County, Florida, and GMAC, LLC was the servicer of his loan.  However, Exhibit B attached to the complaint identifies GMAC Mortgage, LLC as the servicer.  After Huber defaulted on the loan, Deutsche Bank filed a foreclosure complaint against him in state court.  Plaintiffs allege that Deutsche Bank moved for summary judgment in the foreclosure proceeding and submitted two affidavits from Jeffrey Stephan of GMAC, LLC that contained false statements by Stephan and the notary.  However, Exhibits D and E to the complaint indicate that Stephan worked for GMAC Mortgage, LLC, not Defendant GMAC, LLC.  Thus, it is unclear as to why Plaintiffs are asserting a claim against GMAC, LLC as opposed to GMAC Mortgage, LLC.

Plaintiffs also allege that Plaintiff Beatriz D'Amico-Souza purchased property in Pasco County, Florida and that after she defaulted on the loan, GMAC, LLC filed a foreclosure complaint against her in state court.  However, Exhibit H to the complaint indicates that GMAC Mortgage, LLC filed suit against D'Amico-Souza, not Defendant GMAC, LLC.  Furthermore, Plaintiffs allege that in connection with the foreclosure action, GMAC, LLC submitted the affidavit of Kristine Wilson that contained false statements by Wilson and the notary.  However, Exhibit H to the complaint indicates that Wilson worked for GMAC Mortgage, LLC, not Defendant GMAC, LLC.  Thus, it is unclear as to why Plaintiffs are asserting a claim against GMAC, LLC as opposed to GMAC Mortgage, LLC.

Plaintiffs also allege that Plaintiffs Michael and Tina Unsworth purchased property in Pasco County, Florida, and Defendant GMAC, LLC was the servicer of the loan.  However, Exhibit K to the complaint indicates that another entity, GMAC Mortgage, LLC was the servicer of the loan.  Later, The Bank of New York initiated foreclosure proceedings against the

Unsworths in state court. Plaintiffs allege that The Bank of New York moved for summary judgment in the foreclosure proceeding and submitted an affidavit from Jeffrey Stephan of GMAC, LLC that contained false statements by Stephan and the notary. However, Exhibit L to the complaint indicates that Stephan worked for GMAC Mortgage, LLC, not Defendant GMAC, LLC. Thus, it is unclear as to why Plaintiffs are asserting a claim against GMAC, LLC as opposed to GMAC Mortgage, LLC.

Thus, it appears to this Court that Plaintiffs fail to state a claim against the named defendant, GMAC, LLC. However, since Defendant filed a motion to dismiss, in which it asserted nineteen grounds for dismissal, but did not assert that Defendant was not the proper party, this Court cannot conclude that Defendant is not the proper party. However, the Court needs some clarification regarding GMAC, LLC's relationship to the affiants, the loans at issue, and the state court proceedings, since one of Defendant's arguments for dismissal is res judicata and collateral estoppel, which requires an analysis of the parties in the state court cases.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiffs are directed to file a response to this Order providing the requested clarification, not to exceed 5 pages, by March 28, 2011. Thereafter, Defendant may file a response thereto, not to exceed 5 pages, by April 4, 2011.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of March, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

3