UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEOFFREY HUBER, et al.,

       Plaintiffs,

v.                                                          Case No.  8:10-cv-2458-T-24 EAJ

GMAC, LLC, n/k/a Ally
Financial, Inc.,

       Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss (Doc. No. 10), which Plaintiffs oppose (Doc. No. 17), to which Defendant has filed a reply brief (Doc. No. 26). After reviewing the record in this case, the Court ordered supplemental briefing and clarification regarding Defendant's relationship to the alleged wrongful conduct in this case.  (Doc. No. 27). Thereafter, the parties filed the requested briefs.  (Doc. No. 28, 30).

**I.  Standard of Review for a Motion to Dismiss**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II. Background

The named plaintiffs in this class action complaint are homeowners that are currently defendants in foreclosure proceedings in state court. Plaintiffs allege that Defendant GMAC, LLC[1] engaged in a fraudulent scheme to artificially accelerate the foreclosure process by: (1) submitting affidavits containing false statements in support of the foreclosure complaints, (2) untimely assigning mortgages, and (3) submitting documents purporting to be notarized, despite the fact that GMAC, LLC knew that the documents were signed outside the presence of the notaries. Plaintiffs assert five claims: (1) a § 1983 claim for depriving them of their constitutional right to due process before losing possession of their properties; (2) a claim of abuse of process; (3) a claim for violating Florida's Unfair and Deceptive Trade Practices Act; (4) a request for a declaratory judgment that Defendant acted with unclean hands; and (5) a request for declaratory judgment that the affidavits submitted in the state court foreclosure proceedings are void.

---

[1] Plaintiffs filed suit against GMAC, LLC, which is now known as Ally Financial, Inc.

However, a review of the complaint shows that there are no allegations in the complaint about GMAC, LLC's conduct that are not directly contradicted by the exhibits attached to the complaint.  Based on the exhibits attached to the complaint, it is clear that another entity, GMAC Mortgage, LLC is the actual entity that allegedly undertook the wrongful conduct at issue in this case, and as such, the Court concludes that dismissal is warranted due to Plaintiffs' naming of the wrong defendant in this case.

### III.  Dismissal of this Case is Required

Plaintiffs allege in their complaint that GMAC, LLC engaged in a fraudulent scheme that included submitting affidavits in state court foreclosure proceedings that contained false statements in an effort to artificially accelerate the foreclosure process.  Specifically, Plaintiffs allege the following (Doc.  No. 1): Plaintiffs allege that Plaintiff Geoffrey Huber purchased property in Hernando County, Florida, and GMAC, LLC was the servicer of his loan.  However, Exhibit B attached to the complaint identifies GMAC Mortgage, LLC as the servicer.  After Huber defaulted on the loan, Deutsche Bank filed a foreclosure complaint against him in state court.  Plaintiffs allege that Deutsche Bank moved for summary judgment in the foreclosure proceeding and submitted two affidavits from Jeffrey Stephan of GMAC, LLC that contained false statements by Stephan and the notary.  However, Exhibits D and E to the complaint indicate that Stephan worked for GMAC Mortgage, LLC, not Defendant GMAC, LLC.  Thus, since Plaintiffs are suing GMAC, LLC for the submission of the affidavits and there are no allegations in the complaint connecting GMAC, LLC to the affidavits (or the loan) that are not directly contradicted by the exhibits to the complaint, it is clear that Plaintiffs have named the wrong defendant.

Next, Plaintiffs allege that Plaintiff Beatriz D'Amico-Souza purchased property in Pasco County, Florida and that after she defaulted on her loan, GMAC, LLC filed a foreclosure complaint against her in state court. However, Exhibit H to the complaint indicates that GMAC Mortgage, LLC filed suit against D'Amico-Souza, not Defendant GMAC, LLC. Furthermore, Plaintiffs allege that in connection with the foreclosure action, GMAC, LLC submitted the affidavit of Kristine Wilson that contained false statements by Wilson and the notary. However, Exhibit H to the complaint indicates that Wilson worked for GMAC Mortgage, LLC, not Defendant GMAC, LLC. Thus, since Plaintiffs are suing GMAC, LLC for the submission of the affidavit and there are no allegations in the complaint connecting GMAC, LLC to the affidavit (or the loan) that are not directly contradicted by the exhibits to the complaint, it is clear that Plaintiffs have named the wrong defendant.

Finally, Plaintiffs allege that Plaintiffs Michael and Tina Unsworth purchased property in Pasco County, Florida, and Defendant GMAC, LLC was the servicer of the loan. However, Exhibit K to the complaint indicates that another entity, GMAC Mortgage, LLC, was the servicer of the loan. Later, The Bank of New York initiated foreclosure proceedings against the Unsworths in state court. Plaintiffs allege that The Bank of New York moved for summary judgment in the foreclosure proceeding and submitted an affidavit from Jeffrey Stephan of GMAC, LLC that contained false statements by Stephan and the notary. However, Exhibit L to the complaint indicates that Stephan worked for GMAC Mortgage, LLC, not Defendant GMAC, LLC. Thus, since Plaintiffs are suing GMAC, LLC for the submission of the affidavit and there are no allegations in the complaint connecting GMAC, LLC to the affidavit (or the loan) that are not directly contradicted by the exhibits to the complaint, it is clear that Plaintiffs have named

the wrong defendant.

The Court had the parties submit supplemental briefing to clarify why the allegations in the complaint regarding GMAC, LLC are directly contradicted by the exhibits attached to the complaint. Plaintiffs responded that Defendant GMAC, LLC, which is now known as Ally Financial, Inc., is related to GMAC Mortgage, LLC. Specifically, Plaintiffs state that GMAC Mortgage, LLC is a subsidiary of GMAC Residential Holding Company, LLC, which is a subsidiary of Residential Capital, LLC, which is a subsidiary of GMAC Mortgage Group LLC, which is a subsidiary of Ally Financial Inc., which was formerly known as GMAC, LLC. Plaintiffs state that while discovery may reveal that the pleadings may need to be amended to add GMAC Mortgage, LLC as a defendant, they ask that the case not be dismissed at this time.

Defendant responds that Plaintiffs named the wrong defendant and request that the Court dismiss the case. The Court agrees with Defendant and finds that dismissal is warranted. The complaint does not contain any allegations that are not directly contradicted by the exhibits attached to the complaint that connect GMAC, LLC to the allegedly wrongful conduct. Therefore, the Court finds that the complaint must be dismissed.

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)  Plaintiffs' Motion for Oral Argument (Doc. No. 31) is **DENIED**.

(2)  Defendant's Motion to Dismiss (Doc. No. 10) is **GRANTED** to the extent that the Court dismisses this case without prejudice, and the Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of April, 2011.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record